UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DAVID J. REESE,  )
    Plaintiff,  )
      )
    vs.  )    1:10-cv-1185-TAB-TWP
      )
COMMUNITY HOSPITAL NETWORK,  )
    Defendant.  )

**ORDER ON DEFENDANT'S MOTION FOR PARTIAL
DISMISSAL OF PLAINTIFF'S COMPLAINT**

**I.    Introduction**

Defendant Community Hospitals of Indiana, Inc. moved for partial dismissal of pro se Plaintiff David Reese's complaint, alleging that certain counts failed to state claims upon which relief could be granted. Reese responded with additional allegations. For the reasons given below, the Court grants Community's motion [Docket No. 15] in part, and provides Reese until July 26, 2011,[1] to amend his complaint to include his new allegations.

**II.    Background**

Reese's complaint alleges claims against Community under the Age Discrimination in Employment Act, Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981; wrongful discharge; and a HIPAA violation. Reese's complaint was vague, and the Court ordered Reese to provide a more definite statement of his claims. [Docket No. 13.] Reese submitted a more definite statement, which Community believes fails to state claims

---

[1] Reese recently notified the Court of his double knee replacement surgery scheduled for May 3, 2011, and attached a doctor's note stating that recovery may require six to twelve weeks. [Docket No. 36.] The Court therefore allows Reese twelve weeks from his surgery date to file an amended complaint.

under Title VII and section 1981, wrongful discharge, or a HIPAA violation.  Community moved for dismissal of these claims [Docket No. 15], and Reese responded with additional allegations. [Docket No. 24.]

**III.	Discussion**

Community seeks partial dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  To survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

	A.	*Title VII*

Reese's complaint indicates that it is based on Title VII of the Civil Rights Act of 1964; however, his complaint and more definite statement do not allege discrimination on the basis of race, color, religion, sex, or national origin as Title VII requires.  Community moved to dismiss Reese's Title VII claim, and Reese responded with allegations of race and sex discrimination. Specifically, Reese alleged that "In regard to sex discrimination I was mandated to go to units of high acuity because I was a male.  When in fact part of my requirements of my job performance was aggression management and mandatory to females as well." [Docket No. 24 at 5.]  Reese also alleged that GiGi Patterson "showed impairment when making dicisions of race, since she was African-American.  In fact her discion of termination of myself leaned in favor of an African-American and Nancy Arbaugh's stance on my termination was based upon this racial difference as in fear of retaliation by that employee." [Docket No. 24 at 5–6.]  These allegations, while perhaps lacking sufficient clarity, could support Title VII race and sex discrimination claims.  If Reese wishes to amend his complaint to include these allegations, he must do so by

2

July 26, 2011.

### B. *Section 1981*

Reese's complaint indicates that it is based on 42 U.S.C. § 1981; however, his complaint and more definite statement do not allege race discrimination as that statute requires. As discussed above, Reese's response to Community's motion to dismiss alleges race discrimination. If Reese wishes to amend his complaint to include these allegations, he must do so by July 26, 2011.

### C. *Wrongful discharge*

Reese also sued for wrongful discharge. Under Indiana law, wrongful discharge exists only when an employee is discharged for (1) exercising his or her right to assert a worker's compensation claim, or (2) refusing to commit an illegal act for which the employee would have been personally liable. *Frampton v. Cent. Ind. Gas Co.*, 297 N.E.2d 425, 428 (Ind. 1973); *McClanahan v. Remington Freight Lines, Inc.*, 517 N.E.2d 390 (Ind. 1988).

Reese's complaint and more definite statement do not allege facts supporting a wrongful discharge claim. However, Reese's response brief states that "Workers Compensation was part of the issue involved in termination. In which I grieved through Community Hospital and EEOC. That was not getting treatment for injuries." [Docket No. 24 at 9.] If true, and preferably if clarified somewhat, these facts could support a wrongful discharge claim. If Reese wishes to amend his complaint to include these allegations, he must do so by July 26, 2011.

### D. *HIPAA*

Reese alleges that Community violated HIPAA by disclosing medical information about his wife. However, only the Secretary of Health and Human Services may enforce that statute,

42 U.S.C. §§ 1320d-5(a)(1). There is no private right of action. *E.g.*, *Sneed v. Pan Am. Hosp.*, 370 Fed. App'x 47, 50 (11th Cir. 2010) ("HIPAA contains no express provision creating a private cause of action."). The Court therefore dismisses Reese's HIPAA claim.

## IV. Conclusion

Community's partial motion to dismiss Reese's complaint [Docket No. 15] is granted in part and denied in part. Reese's HIPAA claim is dismissed. If Reese wishes to amend his complaint to include the allegations of race and sex discrimination and wrongful discharge contained in his response brief, he must do so by July 26, 2011.

Dated: 05/18/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

4

Copies to:

Kristin B. Keltner
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kristin.keltner@odnss.com

Ebony Andrea Reid
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
ebony.reid@ogletreedeakins.com

DAVID J REESE
821 North East Street
Tipton, IN 46072